# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**SUSAN SOLTERO-LEON**,

    Plaintiff,

v.  2:23-cv-372-NPM

**GEM REMOTES HOLDINGS, INC.**,
et al.,

    Defendants.

## ORDER

In this Fair Labor Standards Act case, the parties have filed a Joint Stipulation of Dismissal with Prejudice. (Doc. 32). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared. The dismissal is effective on filing and requires no further action by the Court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).

The text of the FLSA does not provide, and no Eleventh Circuit decision has ever held, that FLSA claims are exempt from Rule 41. To the contrary, the Eleventh Circuit has reasoned that the Federal Rules of Civil Procedure apply "in actions brought under the Fair Labor Standards Act no less than in any other case." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th Cir. 2020); *see also Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-462 (M.D.

Fla. 2020) (holding parties may terminate an FLSA case by filing either a Rule 41 stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment "and the district court is immediately powerless to interfere"); *Dicomo v. KJIMS Dev. Co., Inc.*, No. 2:16-cv-327-FtM-99CM, 2016 WL 6678420, *1 (M.D. Fla. Nov. 14, 2016) ("[T]he parties may dismiss [an FLSA] case in its entirety pursuant to the Joint Stipulation for Dismissal With Prejudice without further action from the Court as it is unconditional and self-executing.").

Accordingly, this action is dismissed with prejudice. The clerk is directed to deny any pending motions, terminate all scheduled events, and close the case.

**ORDERED** on December 18, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge